CT Corporation

**Service of Process Transmittal**
02/11/2019
CT Log Number 534899567

TO:     Rachel Dsane
        Allstate Insurance Company
        MCO Office, 222 S. Mill Avenue
        Tempe, AZ 85281

RE:     **Process Served in New Mexico**

FOR:    Allstate Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAURENT DOCKERY AND ODILIA DOCKERY, PLTFS. vs. ALLSTATE INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint, Interrogatories, Request, Exhibit |
| **COURT/AGENCY:** | COUNTY OF SANTA FE - FIRST JUDICIAL DISTRICT COURT, NM<br>Case # D101CV201900208 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/11/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | No later than 30days from the date you are served with this Summons |
| **ATTORNEY(S) / SENDER(S):** | Andrea D. Harris<br>CARTER & VALLE LAW FIRM, PC<br>8012 Pennsylvania Circle NE<br>Albuquerque, NM 87110<br>505-888-4357 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/12/2019, Expected Purge Date: 02/17/2019 |
| | Image SOP |
| | Email Notification, Shanita Jackson  Shanita.Jackson@allstate.com |
| | Email Notification, Rachel Dsane  ckx8v@Allstate.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 206 S. Coronado Ave<br>Espanola, NM 87532 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT**
*A*
tabbies

# STATE OF NEW MEXICO
## OFFICE OF SUPERINTENDENT OF INSURANCE

**DEPUTY SUPERINTENDENT**

Robert E. Doucette, Jr.



**DEPUTY SUPERINTENDENT**

Bryan E. Brock

### SUPERINTENDENT OF INSURANCE

John G. Franchini

February 8, 2019

Allstate Insurance Company
CT Corp System
206 So Coronado Ave
Espanola, NM 87532

RE:   **LAURENT DOCKERY AND ODILIA DOCKERY V. ALLSTATE INSURANCE
COMPANY
D-101-CV-2019-00208**

Dear Sir or Madam:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a
copy of a Summons, Complaint, and Discovery requests on the above styled cause.  Service was
accepted on your behalf on 2/8/2019.

Respectfully,

John G. Franchini, Superintendent

CERTIFIED MAIL#  7012 3460 0000 1404 7025

## SUMMONS

| | |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF SANTA FE<br>FIRST JUDICIAL DISTRICT COURT<br><br>Judge Steve Herrera Judicial Complex<br>225 Montezuma Avenue<br>P.O. Box 2268<br>Santa Fe, New Mexico 87504-2268<br>(505) 455-8250 | Case Number: D-101-CV-2019-00208<br><br>Judge:<br><br>The Honorable Matthew Justin Wilson |
| LAURENT DOCKERY and<br>ODILIA DOCKERY,<br>    Plaintiffs,<br>v.<br>ALLSTATE INSURANCE COMPANY,<br>    Defendants. | TO:<br>ALLSTATE INSURANCE COMPANY<br>c/o Office of Superintendent<br>PO Box 1689<br>Santa Fe, New Mexico 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.    You must file (in person or by mail) your written responses with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Santa Fe_____, New Mexico, this _31_ day of __January_____, 2019____.

STEPHEN T. PACHECO
CLERK OF COURT

By: _____
Deputy



_/s/Andrea D. Harris_____
Signature of Attorney for Plaintiff
Name:   Andrea D. Harris
              Richard J. Valle
              Carter & Valle Law Firm, P.C.
Address: 8012 Pennsylvania Circle NE
              Albuquerque, NM  87110
Telephone No.:   (505) 888-4357
Fax No.:            (505) 883-5613
Email Address: adh@carterlawfirm.com
                         rv@carterlawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES
OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             )ss.
COUNTY OF _____    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy of this summons, complaint and discovery requests attached in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____ *(name of person),* _____ *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____

_____

Judge, notary or other officer
authorized to administer oaths

_____

Official title

## USE NOTES

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1998; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
1/29/2019 3:49 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAURENT DOCKERY and
ODILIA DOCKERY,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

No. <u>D-101-CV-2019-00208</u>

Case assigned to Wilson, Matthew Justin

## COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, AND UNFAIR PRACTICES

COMES NOW the Plaintiffs, Laurent Dockery and Odilia Dockery, by and through their Counsel of Record, Andrea D. Harris, Esq. and Richard J. Valle, Esq. (Carter & Valle Law Firm, PC), and for their Complaint against the Defendant, Allstate Insurance Company, state as follows:

1.    The Plaintiffs, Laurent Dockery and Odilia Dockery, are both residents of the City of Los Lunas, Valencia County, State of New Mexico.

2.    The Defendant, Allstate Insurance Company ("Allstate"), upon information and belief, is a foreign insurance corporation, organized and licensed to do business within the State of New Mexico pursuant to the rules and regulations promulgated by the New Mexico Superintendent of Insurance and other applicable New Mexico Statutes and case law. As a foreign insurer, Defendant may be found and served with process in the County of Santa Fe, State of New Mexico, by service upon the New Mexico Superintendent of Insurance which is Allstate's registered agent.

3.   Venue is proper in this Court due to the New Mexico Superintendent of Insurance as the agent for service of process on Allstate.

4.   This Complaint and the allegations contained herein arise from two motor vehicle incidents, the first which occurred in the late hours of March 5, 2017, in the City of Albuquerque, Bernalillo County, State of New Mexico, and the second which occurred in the early morning hours of March 6, 2017 in the City of Los Lunas, Valencia County, State of New Mexico

5.   At all times material hereto, Plaintiffs were covered by a policy of automobile insurance issued to them by Allstate which provided them with coverage for damages suffered through the acts or omissions of others.

6.   Based upon the above paragraphs, this Court has jurisdiction of the parties and subject matter herein.

## FACTUAL BACKGROUND

7.   Plaintiffs reassert all prior allegations as if set forth herein.

8.   Plaintiffs are insureds on an Allstate-issued insurance policy covering a 2015 Dodge Dart and a 2016 Volkswagen Passat, Policy No. 829505005 (hereinafter referred to as the "Allstate Policy"), providing uninsured and under-insured motorists coverage (hereinafter referred to as "UM/UIM") during the time of the incidents at issue and at all times relevant to this Complaint.

9.   The Allstate Policy provided UM/UIM property damage coverage with limits of $50,000.00 per occurrence per vehicle, with 3 stacked vehicles on the policy for a total of $150,000.00 in UM/UIM property damage coverage limits per occurrence.

10.   Plaintiffs were covered under the Allstate Policy at all times relevant to this Complaint.

2

11.   On March 5, 2017, Plaintiff Laurent Dockery was the driver of the 2016 Volkswagen Passat insured under the Allstate Policy.

12.   Plaintiff Laurent Dockery drove to his destination and parked the vehicle in a parking lot near 407 Central Avenue NW in Albuquerque, New Mexico.

13.   Sometime between the approximate hours of 11:30 p.m. on March 5, 2017 and 1:45 a.m. on March 6, 2017, the 2016 Volkswagen Passat (hereinafter referred to as "Passat") was stolen from Plaintiff Laurent Dockery's possession while it was parked in the parking lot.

14.   Plaintiff Odilia Dockery's purse, with her car keys, cell phone, credit cards, driver's license and personal information, was located inside of the Passat when it was stolen.

15.   After the Passat was stolen, it was involved in a collision at the intersection of San Mateo and Zuni SE in Albuquerque, New Mexico.

16.   The thieves fled the scene of the collision and abandoned Plaintiffs' Passat in the intersection at San Mateo and Zuni from where it was eventually towed.

17.   Although the Plaintiffs' Passat was recovered, it had sustained serious damage to the interior and exterior of the vehicle.

18.   The identity of the thieves who stole the Passat is currently unknown.

19.   The thieves stole Plaintiffs' personal property inside the vehicle, including Plaintiff Odilia Dockery's purse and car keys, and used Plaintiff Odilia Dockery's debit card at a gas station.

20.   Upon information and belief, after the thieves obtained the Plaintiffs' residential address and Plaintiff Odilia Dockery's car keys, they located Plaintiffs' 2015 Dodge Dart (hereinafter referred to as "Dart") in Plaintiffs' residential driveway.

21. During the early morning hours of March 6, 2017, the Dart was stolen from Plaintiff Odilia Dockery's possession while it was parked outside Plaintiffs' home in Los Lunas, New Mexico.

22. The identity of the thieves who stole the Dart is currently unknown.

23. The thieves later abandoned the Dart and it was recovered, but there was a significant amount of damage to the interior and exterior of the vehicle.

24. Upon information and belief, the same individual(s) stole both vehicles from Plaintiffs.

25. Plaintiffs reported all of these incidents to the Albuquerque Police Department and the Los Lunas Police Department.

26. The thieves' actions in damaging the vehicle were willful, wanton and reckless.

27. The thieves are 100% responsible for the damage to Plaintiffs' vehicles.

28. In accordance with New Mexico law and the terms of the insurance policy, Plaintiffs have insurance coverage for the actions of the unknown tortfeasors.

29. The unknown tortfeasors are considered uninsured/underinsured motorists under Plaintiffs' insurance policy.

30. This is a case of clear liability against the uninsured tortfeasors, the unknown thieves.

31. The vehicles used by the thieves were "uninsured motor vehicles" as defined by New Mexico law and contemplated by the Allstate policy of insurance, in that liability coverage was not available to cover the thieves for the non-permitted use.

32. The identity of the thieves is unknown, and thus, the thieves were "uninsured motorists" as defined by New Mexico law and contemplated by the Allstate policy of insurance.

33. The law in New Mexico is clear that this incident is covered under Plaintiffs' UM/UIM coverage since the thieves were not insured at the time of this collision, and all of Plaintiffs' damages were incurred as a result of the use and operation of a motor vehicle.

34. Plaintiffs properly paid the premiums for this policy and the UM/UIM coverage was validly in force.

35. Punitive damages are covered under Plaintiffs' UM/UIM coverage.

36. Shortly after the incident, Plaintiffs notified Allstate of the thefts.

37. On March 8, 2017, Allstate acknowledged receipt of the theft claims.

38. On July 5, 2017, Defendant Allstate initially responded and denied Plaintiffs' claim under their Allstate policy.

39. Plaintiffs then hired legal counsel.

40. After some negotiation, Defendant Allstate eventually provided insurance coverage for Plaintiffs' claims.

41. On March 29, 2018, Plaintiffs requested that Allstate open claims for the punitive damages under their UM/UIM coverage.

42. Allstate acknowledged Plaintiffs' claims for punitive damages on April 3, 2018, and assigned claim numbers for the Plaintiffs' claims on April 5, 2018.

43. Allstate also agreed to attend a mediation to try to resolve property and related claims.

44. A settlement agreement for all of Plaintiffs' damages *except* punitive damages was reached on April 17, 2018.

45. In the settlement agreement reached with Defendant Allstate, Defendant Allstate allowed Plaintiffs to pursue their punitive damages claims separately and agreed to continue to adjust those claims.

46. Specifically, Allstate agreed to the following:

> Expressly excluded from this release are Laurent Dockery and Odilia Dockery's separate claims for punitive damages for each of the two incidents described above under the UMPD portion of their coverage. **Allstate agrees to continue to adjust Laurent Dockery's and Odilia Dockery's separate claims for the punitive damages stemming from the two incidents**; Allstate Claim No. 0497264812 and Allstate Claim No. 0497266262. Further, excluded from the release would be any claims handling irregularities/bad faith claims that may arise in connection with Allstate's adjusting of Laurent Dockery's and Odilia Dockery's separate claims for punitive damages.

*See* April 17, 2018 Settlement Agreement (emphasis added), relevant excerpt attached hereto as Exhibit 1.

47. Allstate paid $45,000.00 in compensatory damages for Plaintiffs' claims.

48. With respect to the calculation of punitive damages, which Allstate agreed to continue to adjust, Allstate made the following agreement:

> Allstate takes no position on the amount assigned out of the settlement sum as compensatory damages, other than to acknowledge that **some portion is for compensatory damages as a basis for punitive damages.**

*Id.* (emphasis added).

49. At no point did Allstate deny Plaintiffs' punitive damage claims.

50. At no point did Allstate deny coverage for Plaintiffs' punitive damage claims.

51. If Allstate intended to deny Plaintiffs' punitive damage claims, it had a duty to inform Plaintiffs of this intention.

52. On May 2, 2018, a settlement demand package was sent to Allstate with supporting documentation for Plaintiffs' punitive damages claims.

53. Allstate had a deadline to respond by May 18, 2018, but failed to respond by that deadline.

6

54. On May 21, 2018, Plaintiffs sent a follow-up letter to Allstate asking for a status on the demand.

55. Upon information and belief, at some point after Allstate received the supporting documentation for Plaintiffs' claims, Allstate sent the information to an attorney to deny the claims, despite Allstate's prior agreement to evaluate the claims and use the compensatory damages paid as the basis for those claims.

56. On May 23, 2018, Plaintiffs' counsel received a letter from Jennifer Noya, an attorney hired by Allstate to deny Plaintiffs' claims.

57. Ms. Noya, on behalf of Allstate, represented in her letter that Plaintiffs' did not have a valid uninsured motorist property damage claim.

58. This representation was contrary to Allstate's agreement that it had previously made with Plaintiffs.

59. Ms. Noya, on behalf of Allstate, also asserted that punitive damages were not warranted "where the damage was caused by an unknown person" and denied Plaintiffs' claims.

60. Ms. Noya represented that further communications or information which Allstate should review in this matter should be presented to her for review.

61. Ms. Noya acted as a representative for Allstate in denying Plaintiffs' claims.

62. Ms. Noya was advised of Allstate's prior agreement.

63. Allstate did not change its decision.

64. The denial of Plaintiffs' claims for punitive damages is in breach of Allstate's prior agreement to continue adjusting the punitive damage claims and the agreement to use a portion of the prior settlement as the compensatory damage measurement in the computation of punitive damages.

7

65.  The denial of Plaintiffs' claims for punitive damages is in clear breach of established New Mexico law.

66.  Plaintiffs' responded to Allstate's denial, undertaken by Ms. Noya, on May 30, 2018.

67.  Plaintiffs' response informed Ms. Noya of the inconsistencies in Allstate's recent denial compared to its previous agreement to adjust the claims and evaluate them using the agreed-upon compensatory damages, as well as the New Mexico law establishing the validity of Plaintiffs' claims.

68.  Allstate failed to respond to Plaintiffs' May 30, 2018 letter.

69.  Plaintiffs' sent an additional follow-up on June 13, 2018.

70.  Ms. Noya, on behalf of Allstate, acknowledged receipt of the June 13, 2018 letter and stated she would "be in touch."

71.  No response was received from Allstate or Ms. Noya.

72.  Plaintiffs sent an additional follow-up on July 31, 2018 to Allstate, through Ms. Noya.

73.  No response was ever received from Allstate or Ms. Noya to Plaintiff's July 31, 2018.

74.  As of the date of the filing of this Complaint, Allstate has failed to respond to its insureds' requests and communications.

75.  Allstate, through Jennifer Noya and its adjusters, did not balance its insureds' interest with its own interests.

76.  Allstate ratified the decisions of Ms. Noya and continues to send her work.

77.  In making its agreement with Plaintiffs, Allstate failed to disclose that it intended to deny Plaintiffs' claims for punitive damages.

78.   Despite Allstate's change in position and denial once it hired Jennifer Noya, the conduct of the thieves in this matter was malicious, willful, reckless, and wanton entitling Plaintiffs to recover punitive damages.

79.   Defendant Allstate has not requested any further information from Plaintiffs.

80.   Upon information and belief, Defendant Allstate has completed its evaluation of Plaintiffs' claims.

81.   Defendant Allstate refused to pay its insureds damages to which they are entitled to recover against the uninsured motorist on grounds that are baseless and not supported by New Mexico law.

82.   Defendant Allstate forced its insureds into litigation to resolve their claims.

83.   Defendant Allstate did not provide Plaintiffs with the claims handling to which they are entitled and specifically agreed to provide.

84.   Plaintiffs suffered damages in an amount to be determined at trial, which include, but are not limited to: punitive damages, extent and duration of injuries; past, present and future pain and suffering; loss of enjoyment of life; mental anguish; attorneys' fees and costs; and other claims for legal damages which may exist pursuant to New Mexico law.

## COUNT I:  BREACH OF CONTRACT

85.   Plaintiffs incorporate by reference all prior allegations as if set forth fully herein.

86.   At all times material hereto, Plaintiffs were covered by the Allstate Policy previously identified that provided coverage for injuries and damages suffered through the acts or omissions of underinsured/uninsured motorists.

87.   Plaintiffs' coverage under the Allstate Policy afforded coverage for punitive damages.

88. Allstate also entered into a separate agreement as stated herein concerning punitive damages for the actions of the tortfeasor.

89. Allstate's acts and failures to act, as enumerated above, constitute a willful breach of its contracts with Plaintiffs.

90. Allstate initially afforded coverage to Plaintiffs' and represented that it would continue to adjust Plaintiffs' claims for punitive damages.

91. Allstate, without a valid basis, then changed its position and denied Plaintiffs' claims contrary to New Mexico law and their agreement.

92. Allstate delayed its handling of Plaintiffs' claims.

93. Allstate failed to adequately investigate and evaluate Plaintiffs' claims.

94. Allstate failed to respond to communications from its insureds.

95. Plaintiffs performed all conditions precedent to their contract with Allstate.

96. Allstate forced its insureds into litigation.

97. Allstate's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiffs to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, §39-2-1.

98. As a direct and proximate result of the breach of the contract by Defendant, Plaintiffs have suffered monetary damages necessary to restore to them that which was lost by Defendant's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorney's fees and costs and any other damages in an amount to be determined at trial.

99. Allstate did not provide Plaintiffs with the claims handling to which they are entitled.

100. Defendant's acts and failures to act, as enumerated above, constitute a willful breach of its contracts with Plaintiffs.

101.   Defendant's actions were reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiffs to recover punitive damages in an amount to be determined at trial.

102.   As a direct result of the breach of the contracts by Allstate, Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT II:  CONTRACTUAL BENEFITS

103.  Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

104.  The tortfeasor(s) in this matter, the thief or thieves which stole Plaintiffs' vehicles, are unknown and therefore do not have any insurance to pay for Plaintiffs' claims for punitive damages.

105.  Each tortfeasor was an uninsured motorist under New Mexico law.

106.  The Allstate Policy provided UM/UIM coverage with limits of $50,000.00 per occurrence per vehicle, with 3 stacked vehicles on the policy for a total of $150,000.00 in UM/UIM property damage coverage limits per occurrence.

107.  Plaintiffs' damages happened during the operation of a motor vehicle.

108.  Pursuant to its contract of insurance, Allstate owes Plaintiffs the UM/UIM insurance benefits under their policy.

109.  Plaintiffs have cooperated with every request by Allstate concerning the claim for contractual benefits.

110.  Plaintiffs have complied with all conditions precedent to their claims for contractual benefits with Allstate.

11

## COUNT III: DECLARATORY ACTION FOR
## PUNITIVE DAMAGES AND STACKED COVERAGE

111. Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

112. Pursuant to its contract of insurance, Allstate owes Plaintiffs the uninsured motorists' insurance benefits under the policy.

113. The tortfeasor(s) in this matter, the thief or thieves which stole Plaintiffs' vehicles, are unknown and therefore do not have any insurance to pay for Plaintiffs' claims for punitive damages.

114. The conduct of the thieves, including stealing Plaintiffs' vehicles and property, in this matter was malicious, willful, reckless, and wanton.

115. Plaintiffs are entitled to recover punitive damages for the tortfeasor(s) conduct.

116. Plaintiffs have cooperated with every request by Allstate concerning the claim for contractual benefits.

117. Plaintiffs have complied with all conditions precedent to their claim for uninsured motorists' benefits with Allstate.

118. The issues of this lawsuit meet the requirements for which declaratory relief is appropriate, pursuant to NMSA 44-6-1, et. seq.

119. Plaintiffs ask that this Court declare that Plaintiffs are entitled to recover insurance benefits for punitive damages under the UM/UIM coverage provided in the Allstate Policy.

120. Plaintiffs also ask that this Court declare that Plaintiffs are entitled to stack UM/UIM property insurance benefits under the UM/UIM coverage provided in the Allstate Policy.

## COUNT IV: UNFAIR INSURANCE CLAIM PRACTICES

121. Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

122. There was in effect at all times material a state statute commonly known in the New Mexico Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30, including but not limited to NMSA 1978, Section 59A-16-20, which prohibits the following unfair claims practices:

A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

. . . . . . . . . . . .

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

. . . . . . . . . . . .

G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such have made claims for amounts reasonably similar to amounts ultimately recovered;

. . . . . . . . . . . .

N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. . .

123. The actions of Allstate, as set forth above, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (A), (B), (C), (E), (G), and (N).

124. Allstate, as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant:

a. has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

b. without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

125. As a direct and proximate result of the unfair claims practices of Allstate, Plaintiffs have suffered damages in a monetary amount to be determined at trial.

126. Plaintiffs are also entitled to an award of attorney fees and costs under the statute.

## COUNT V:  UNFAIR TRADE PRACTICES

127. Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

128. The acts and failures to act by Allstate, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

129. As a direct result of Allstate's unfair and deceptive trade practices and unconscionable trade practices, Plaintiffs have suffered damages in a monetary amount to be determined at trial.

130. In handling Plaintiffs' claims, Allstate treated Plaintiffs much the same as it treated all other Allstate insureds making injury claims.

131. Plaintiffs are entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

14

132. The acts and failures to act by Allstate were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiffs to recover punitive damages in an amount to be determined at trial.

## COUNT VI: BREACH OF
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

133. Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

134. In issuing insurance policies to Plaintiffs and adjusting claims, Defendant Allstate has a duty to act in good faith and to treat its policyholders in a fair manner, to hold its insureds' interests equally to that of its own, and to act honestly, both in fact and in law, in these dealings.

135. Allstate's additional agreement imposes on Allstate a duty to act in good faith and to treat its policyholders in a fair manner, to hold its insureds' interests equally to that of its own, and to act honestly, both in fact and in law, in these dealings.

136. In undertaking the wrongful acts described herein, Defendant Allstate breached its duty of good faith and fair dealing, causing damage to Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as permitted by law.

## COUNT V: INSURANCE BAD FAITH

137. Plaintiffs incorporate by reference all prior allegations as if set forth herein in full.

138. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder.

139. Fair dealing means to act honestly and in good faith in the performance of the contract.

140. The insurance company must give equal consideration to its own interests and the interests of the policy holder.

141. An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

142. In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

143. An insurer and its employees and agents may not unreasonably delay notification to the policyholder that the claim will be paid or denied.

144. A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

145. An insurer and its employees and agents may not ignore or refuse to respond to correspondence from its policy holder.

146. The acts and failures to act of Defendant as enumerated above constitutes a breach of their duty of good faith to Plaintiffs.

147. As a direct result of the bad faith of Defendant, Plaintiffs have suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

148. The acts and failures to act of Defendant as enumerated above, constitutes an unreasonable failure to pay a first party coverage claim, entitling Plaintiffs to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

149. The actions of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiffs to recover punitive damages in an amount to be determined.

16

WHEREFORE, Plaintiffs request this Court enter judgment against Defendant Allstate determining the amount of damages which Plaintiffs are owed pursuant to the contract of insurance; order Defendant Allstate to pay that amount; award all damages associated with Allstate's misconduct as stated herein (including punitive damages for Allstate's breach of its agreement and tortious misconduct); an early mediation at Allstate's expense as set forth in NMSA 1978 §57-12-1 *et seq.*; attorney's fees, costs, and pre-judgment and post-judgment interest as provided by law; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CARTER & VALLE LAW FIRM, PC**

*/s/ Andrea D. Harris  01/29/2019*
Andrea D. Harris, Esq.
Richard J. Valle, Esq.
*Attorneys for Plaintiff*
8012 Pennsylvania Circle NE
Albuquerque, NM  87110
(505) 888-4357
(505) 883-5613 Facsimile
adh@carterlawfirm.com
rv@carterlawfirm.com

17

## AGREEMENT

In consideration of the payment to Odilia Niño and Laurent Dockery the sum of FORTY-FIVE THOUSAND DOLLARS AND NO/100 ($45,000.00) and the agreements set forth herein, and Odilia Niño and Laurent Dockery being of lawful age, it is agreed as follows: In exchange for the payment of the $45,000.00, Laurent Dockery and Odilia Niño will release Allstate from all alleged prior bad faith/extracontractual claims, claims for property damages, loss of use, diminished value, and any other such claims connected to the loss or damage to the described vehicles, including attorney fees. Allstate previously paid for the value of the Passat as a total loss. The Dart is currently undergoing repairs, and Allstate agrees to complete all related repairs to the Dart.

Expressly excluded from this release are Laurent Dockery and Odilia Niño's separate claims for punitive damages for each of the two incidents described above under the UMPD portion of their coverage. Allstate agrees to continue to adjust Laurent Dockery's and Odilia Niño's separate claims for the punitive damages stemming from the two incidents; Allstate Claim No. 0497264812 and Allstate Claim No. 0497266262. Further, excluded from the release would be any claims handling irregularities/bad faith claims that may arise in connection with Allstate's adjusting of Laurent Dockery's and Odilia Niño's separate claims for punitive damages.

It is also understood and agreed by Odilia Niño and Laurent Dockery that this release includes and discharges any claim of statutory violation or tortious misconduct or any other claim which arise directly or indirectly from the conduct of Allstate in responding to the claims, such as unfair insurance practices, unfair trade practices, bad faith, intentional or negligent infliction of emotional distress, outrage, intentional or interference

Odilia Niño and Laurent Dockery                    **Page 2 of 5**



EXHIBIT

1

with prospective economic advantage, fraud, misrepresentation and spoliation of evidence related to the two incidents, except as noted above relating to Laurent Dockery's and Odilia Niño's separate claims for punitive damages.

## COMPROMISE OF DISPUTED CLAIMS

It is understood and agreed by the parties that this is a compromise settlement of disputed claims, including, among others, the obligations or the parties with respect to all present and future obligations, and the performance of the above obligations do not constitute an admission of any liability or the existence of any obligation of any kind whatsoever by any party. Allstate takes no position on the amount assigned out of the settlement sum as compensatory damages, other than to acknowledge that some portion is for compensatory damages as a basis for punitive damages.

## SUCCESSORS AND ASSIGNS

It is understood and agreed by each party that the agreements, undertakings, acts and other things done to or to be done by Odilia Niño and Laurent Dockery or their attorneys in this Agreement shall run to and be binding upon their heirs, successors, executors, administrators and assigns.

## ENTIRE AGREEMENT

All agreements, covenants, representations and warranties, expressed and implied, oral and written, of the parties to this Agreement concerning its subject matter are contained herein.  No other agreements, covenants, representations or warranties, expressed or implied, oral or written, have been made by any party to any other party concerning the subject matter or this Agreement. All prior and contemporaneous

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**LAURENT DOCKERY and**
**ODILIA DOCKERY,**

      Plaintiffs,

v.                          No.  D-101-CV-2019-00208

**ALLSTATE INSURANCE COMPANY,**

      Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANT ALLSTATE INSURANCE COMPANY

You are hereby requested to answer the following Interrogatories, Requests for Admission and Requests for Production, separately and fully in writing and under oath, and to produce the documents requested at the law offices of Carter & Valle Law Firm, PC within forty-five (45) days following the service of these Interrogatories, Requests for Admission, and Requests for Production, pursuant to the applicable Rules of Civil Procedure for the State of New Mexico.

To the extent that the term "you" is used in these discovery requests, it refers to Defendant Allstate Insurance Company, including any of its agents, adjusters, employees, or contractors.

1

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify each and every person (by name, address and title) providing information used to answer these interrogatories, the interrogatory for which they provided information, as well as the full name, address, and title of the person verifying these interrogatories, as well as the number of years that the person verifying these interrogatories has worked for the company.

**ANSWER:**

**INTERROGATORY NO. 2:**  Please state all facts and identify all documents upon which you are relying in support of any of your defenses to this claim.  Also identify each and every individual or document whose testimony or contents you are relying upon to support your defenses or to impeach plaintiff.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please identify all of the New Mexico UM/UIM claims, for bodily injury or property damages, involving an unknown tortfeasor in which Allstate paid punitive damages from January 1, 2014 to present date.

**ANSWER:**

2

**INTERROGATORY NO. 4:**  Please identify all steps taken to evaluate Plaintiffs' claims for punitive damages from April 17, 2018 until the filing of the Complaint in this matter on January 29, 2019.

**ANSWER:**

**INTERROGATORY NO. 5:**  State the names, addresses, phone numbers, official titles, if any, and other identification of all expert witnesses who may be called upon to testify on your behalf in this action, followed by a brief description of the nature and substance of the expert's testimony as well as their qualifications to provide such testimony.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please identify all adjusters who were assigned to the handling of Plaintiffs' claims for punitive damages and identify each person's direct supervisor, manager, and any other person who had any influence over authority given for the value of Plaintiffs' claim.

**ANSWER:**

3

**INTERROGATORY NO. 7:** State whether or not you, or any other person on your behalf, has interviewed any persons having or purporting to have knowledge or information pertaining to the incident giving rise to Plaintiffs' claims for punitive damages, and if so, identify and describe the contents of each such statement, indicating the name, address and phone number of the person so interviewed, if there is a recorded statement or notes relating to that interview, when, where and by whom any person was interviewed and the name, address and phone number of the person, firm or organization now having possession or custody of each such statement.

**ANSWER:**


**INTERROGATORY NO. 8:** Please state the reason for State Farm's denial of punitive damages in this matter.

**ANSWER:**


**INTERROGATORY NO. 9:** State the names, addresses, phone numbers, official titles, if any, and other identification of all witnesses who may be called upon to testify on your behalf in this action, followed by a brief description of the nature and substance of the testimony which it is expected will be given by each witness.

**ANSWER:**

4

**INTERROGATORY NO. 10:**  State separately and identify by date and contents each document which it is contemplated will or may be offered as an exhibit at the time of trial in support of your claim in this action.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please identify any and all codes Allstate uses to code payments made under New Mexico claims within any claims system Allstate uses and identify the name of the claims system that Allstate uses to evaluate New Mexico claims.

**ANSWER:**

**INTERROGATORY NO. 12:**  To the extent your answers to the Requests for Admission are anything other than an unqualified admission, please set forth in full the factual and legal basis for your denial(s).

**ANSWER:**

5

**INTERROGATORY NO. 13:** Please state the amount you have set for the reserve in this case, and identify all past reserves amounts for Plaintiffs' claims for punitive damages and the dates those reserves were changed.

**ANSWER:**

**INTERROGATORY NO. 14:** For the time period from January 1, 2014 to the present, identify any standards, policies, procedures, guidelines or directives you have concerning the following topics:

1) the adjustment and evaluation of UM/UIM claims in New Mexico;

2) unknown tortfeasors in UM/UIM claims;

3) stacking of UM/UIM coverage in New Mexico;

4) the evaluation, payment, and denial of punitive damages under UM/UIM coverage; and

5) communicating with an Allstate insured, including the timeliness of any response to an insured's request.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify any reductions in claims payments or other goals, targets, or expectations Allstate has concerning the payment of claims. Limit your answer to the Region including New Mexico for the time period from January 1, 2014 to the present.

**ANSWER:**

6

**INTERROGATORY NO. 16:**     If you contend that Plaintiffs are not entitled to the stacking of their Uninsured Motorist Property Damage coverage, please state the reasons why.

**ANSWER:**

**INTERROGATORY NO. 17:**     Please identify all of the New Mexico UM/UIM claims in which Allstate stacked UM/UIM Property Damage coverage for its insured from January 1, 2014 to present date.

**ANSWER:**

**INTERROGATORY NO. 18:**     Please identify all of the New Mexico UM/UIM claims in which Allstate payed policy limits for its insured under UM/UIM Property Damage but declined to stack UM/UIM Property Damage coverages for its insured from January 1, 2014 to present date.

**ANSWER:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION 1:** Please admit that Laurent Dockery and Odilia Dockery (formerly known as Odilia Niño) were Allstate insureds on March 5, 2017 and March 6, 2017 with Policy No. 829505005 (hereinafter referred to as "Allstate Policy").

**Admit**_____                              **Deny** _____

**REQUEST FOR ADMISSION 2:** Please admit that Plaintiffs had UM/UIM coverage under the Allstate Policy at the time of this collision.

**Admit**_____                              **Deny** _____

**REQUEST FOR ADMISSION 3:** Please admit that Plaintiffs UM/UIM coverage for Property Damage in the amount of $150,000.00 each accident at the time of this collision.

**Admit**_____                              **Deny** _____

**REQUEST FOR ADMISSION 4:** Please admit that Allstate had completed its investigation of Plaintiffs' claims for damages related to the theft of their vehicles by April 17, 2018 when it attended a mediation of Plaintiffs' underlying claims.

**Admit**_____                              **Deny** _____

8

**REQUEST FOR ADMISSION 5:** Please admit that Allstate had completed its evaluation of Plaintiffs' claims for damages related to the theft of their vehicles by April 17, 2018 when it attended a mediation of Plaintiffs' underlying claims.

**Admit**_____                           **Deny** _____


**REQUEST FOR ADMISSION 6:**  Please admit that Laurent Dockery did not sign any rejection of UM/UIM stacking under the Allstate Policy.

**Admit**_____                           **Deny** _____


**REQUEST FOR ADMISSION 7:**  Please admit that Odilia Dockery did not sign any rejection of UM/UIM stacking under the Allstate Policy.

**Admit**_____                           **Deny** _____


**REQUEST FOR ADMISSION 8:** Please admit that punitive damages are covered under Plaintiffs' UM/UIM coverage.

**Admit**_____                           **Deny** _____

**REQUEST FOR ADMISSION 9:**  Please admit that Allstate agreed to use a portion of the $45,000.00 settlement with Plaintiffs in its calculation of punitive damages for each of Plaintiffs' claims.

**Admit_____**                          **Deny _____**


**REQUEST FOR ADMISSION 10:**  Please admit that the enclosed Certified Copy of the Allstate Policy, attached as Bates No. DOCKERY00001 - DOCKERY00015, is a true and correct copy of the coverages in effect for Plaintiffs' during March, 2017.

**Admit_____**                          **Deny _____**


**REQUEST FOR ADMISSION 11:**   Please admit that the enclosed Settlement Agreement, attached as Bates No. DOCKERY00016 - DOCKERY00020, is a true and correct copy of the Settlement Agreement between Plaintiffs and Allstate made at the mediation in April, 2018.

**Admit_____**                          **Deny _____**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Please produce the originals, or true, correct and legible copies of any photographs, videos, statements of witnesses, investigative reports, memoranda, or other documents, which relate to the incident or damages at issue.

**RESPONSE:**


**REQUEST NO. 2:**   Please produce any and all standards, policies, procedures, guidelines, memorandum, or directives you have concerning the following topics, for the time period from January 1, 2014 to the present:

1) the adjustment and evaluation of UM/UIM claims in New Mexico;

2) unknown tortfeasors in UM/UIM claims;

3) stacking of UM/UIM coverage in New Mexico;

4) the evaluation, payment, and denial of punitive damages under UM/UIM coverage; and

5) communicating with an Allstate insured, including the timeliness of any response to an insured's request.

**RESPONSE:**


**REQUEST NO. 3:**   Please produce all documents, written, electronic, video or otherwise used from 2014 to the present to train any adjusters handling New Mexico claims concerning punitive damages.

**RESPONSE:**

11

**REQUEST NO. 4:**   Please produce the originals, or true, correct and legible copies of each and every item which you may or will introduce as an exhibit at the trial of this matter. Please separately identify which documents may be introduced and which will be introduced.

**RESPONSE:**

**REQUEST NO. 5:**   Please produce a copy of every claims file (agent, station, New Mexico, District, Branch Claims file, Regional Claims File and Home Office Claims file), whether in written or electronic form concerning or relating to the claims that are the subject of this suit, including any claims notes system, claims evaluation system, event or document log, or other document details actions, investigations or evaluations within Plaintiffs' claims.

**RESPONSE:**

**REQUEST NO. 6:**   Please produce copies of all documents referred to or relied upon by you in answering the Interrogatories issued to you with these Requests.

**RESPONSE:**

**REQUEST NO. 7:**   Please produce copies of any reports or other documentation prepared by, received from, submitted to, or in any way related with each of your expert's testimony. This request includes, but is not limited to, any notes, reports, summaries, literature, or exhibits provided to, or received, from any such expert witness.

**RESPONSE:**

**REQUEST NO. 8:**   Please produce any electronic data, e-mail, or other document which Allstate has in its possession that analyzes or evaluates any possible damages, punitive or otherwise, under Plaintiffs' UM/UIM claims.

**RESPONSE:**

**REQUEST NO. 9:**   Please produce a copy of any memos, letters, notes, e-mails, audits, reviews or other documents concerning, written by, or received from any employee of Allstate from March 5, 2017 to Present concerning Plaintiffs in this matter.

**RESPONSE:**

13

Respectfully submitted,

**CARTER & VALLE LAW FIRM, PC**

*/s/ Andrea D. Harris*
Andrea D. Harris, Esq.
Richard J. Valle, Esq.
*Attorneys for Plaintiffs*
8012 Pennsylvania Circle NE
Albuquerque, NM  87110
(505) 888-4357
(505) 883-5613 Facsimile
adh@carterlawfirm.com
rv@carterlawfirm.com



Claim# 0448230433

To Whom It May Concern:

I, _____Olivia Leach_____, employee of Allstate Insurance Company Irving, Texas, do certify that the enclosed is a copy of policy and or declaration page for the above claim number, showing the coverages that were on the policy at the time of loss of _03/06/2017_____. The enclosed copy of policy and or declaration page was printed and mailed through Allstate's Output Processing Center.

*Olivia Leach*

Claim Support

State of Texas, County of Dallas

On this ___1st___ day of ____November____ 2017, before me personally appeared *Olivia Leach* to me known to be the person who executed the foregoing instrument and acknowledged that he/she executed the same as a free act and deed.

*Patricia Torres*

Notary Public

PATRICIA TORRES
Notary Public, State of Texas
Comm. Expires 10-31-2021
Notary ID 128811687

G52-3

DOCKERY00001

PCL XL Error
        Subsystem:              I/O
        Error:                  InputReadError
        Operator:               ReadImage
        Position:               446

DOCKERY00002

DOCKERY00003



You're in good hands.

Bon Baca Agency
3454 Zafarano A-1
Santa Fe NM 87507

Information as of January 30, 2017
Policyholder(s)                          Page 1 of 2
Laurent Dockery and Odilia Nino

Policy number
829 505 005

Your Allstate agency is
Bon Baca Agency
(505) 820-1442
BBACA@allstate.com

LAURENT DOCKERY
AND ODILIA NINO
700 RAIN LILY RD SW
LOS LUNAS NM 87031-6581

## We're confirming your policy change

Thank you for choosing Allstate to help protect what's important to you. I've enclosed documents that confirm the policy change(s) you requested. You'll find your coverage details listed on the enclosed amended policy declarations.

The following change(s) are effective as of 01/31/2017:

A change in insurance coverage.

Your premium for the current policy period has been increased by a total of $11.40. Your discount savings for this policy period are: $1,141.08.

### How to contact us
Give me a call at (505) 820-1442 if you have any questions. It's my pleasure to keep you in good hands.

Sincerely,

Bon Baca Agency
Your Allstate Agent

EA120-1



Policy number: **829 505 005**
Policy effective date: September 7, 2016

## Your Insurance Coverage Checklist

We're happy to have you as an Allstate customer! This checklist outlines what's in this package and provides answers to some basic questions, as well as any "next steps" you may need to take.

☐ **What's in this package?**
See the guide below for the documents that are included. *Next steps:* review your *Policy Declarations* to confirm you have the coverages, coverage limits, premiums and savings that you requested and expected. Read any *Endorsements* or *Important Notices* to learn about new policy changes, topics of special interest, as well as required communications. Keep all of these documents with your other important insurance papers.

☐ **Am I getting all the discounts I should?**
Confirm with your Allstate Agent that you're benefiting from all the discounts you're eligible to receive.

☐ **What about my bill?**
Unless you've already paid your premium in full, we'll send your bill separately. *Next steps:* please pay the minimum amount by the due date listed on it.

You can also pay your bill online at allstate.com or by calling 1-800-ALLSTATE (1-800-255-7828). Para español, llamar al 1-800-979-4285. If you're enrolled in the Allstate® Easy Pay Plan, we'll send you a statement detailing your payment withdrawal schedule.

☐ **What if I have questions?**
You can either contact your Allstate Agent or call us 24/7 at 1-800-ALLSTATE (1-800-255-7828) – para español, llamar al 1-800-979-4285 – with questions about your coverage, or to update your coverages, limits, or deductibles. Or visit us online at allstate.com.

## A guide to your amended package

   

**Proof of Insurance ID Cards**
Your insurance cards are legally required, so please keep them in your vehicle at all times.

**Policy Declarations***
The Policy Declarations lists policy details, such as your specific drivers, vehicles and coverages.

**Policy Endorsements**
If changes are made to your policy, these documents will include your new contract language.

**Insurance Made Simple**
Insurance seem complicated? Our online guides explain coverage terms and features:
www.allstate.com/ madesimple
Espanol.allstate.com /facildeentender

\* *To make it easier to see where you may have gaps in your protection, we've highlighted any coverages you do not have in the Coverage Detail section in the enclosed Policy Declarations.*

DOCKERY00005

**Thank you for choosing Allstate**



**Allstate.**
You're in good hands.

## Proof of Insurance Card

Page 1 of 2

For your convenience, two insurance cards have been included for each vehicle. State law requires that one of these cards be kept in each vehicle. Please place them in your vehicles by the effective date.



**Allstate.**
You're in good hands.

*Please use the printed Insurance Cards below.*

**Allstate.**
You're in good hands.

*Please use the printed Insurance Cards below.*

---

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2015 Dodge Dart
VEHICLE ID NUMBER
1C3CDFBB4FD187400

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2015 Dodge Dart
VEHICLE ID NUMBER
1C3CDFBB4FD187400

---

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2000 Chrysler Town-Country
VEHICLE ID NUMBER
1C4GP44G8YB603593

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2000 Chrysler Town-Country
VEHICLE ID NUMBER
1C4GP44G8YB603593

---

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2016 Volkswagen Passat
VEHICLE ID NUMBER
1VWAS7A34GC019205

**New Mexico**
**Proof of Insurance Card**

**Allstate.**
You're in good hands.

Allstate Fire and Casualty Insurance Company
Laurent Dockery
and Odilia Nino
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

POLICY NUMBER
829 505 005
EFFECTIVE DATE
09/07/16
EXPIRATION DATE
03/07/17

YEAR / MAKE / MODEL
2016 Volkswagen Passat
VEHICLE ID NUMBER
1VWAS7A34GC019205

Policy number:  **829 505 005**
Policy effective date:  September 7, 2016

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Ben Baca Agency
    (505) 820-1442
    3454 Zafarano A-1
    Santa Fe, NM 87507

DOCKERY00007

## Amended auto policy declarations

Your policy effective date is September 7, 2016





You're in good hands.

Page 1 of 6

Information as of January 30, 2017

### Total Premium for the Policy Period

Please review your insured vehicles and verify their VINs are correct.

| Vehicles covered | Identification Number (VIN) | Premium |
|---|---|---|
| 2016 Volkswagen Passat | 1VWAS7A34GC019205 | $732.94 |
| 2000 Chrysler Town-Country | 1C4GP44G8YB603593 | 192.52 |
| 2015 Dodge Dart | 1C3CDFB84FD187400 | 631.71 |
| **Total\*** | | **$1,557.17** |

*\* Your bill will be mailed separately. Before making a payment, please refer to your latest bill, which includes payment options and installment fee information. If you do not pay in full, you will be charged an installment fee(s).*

Your premium includes all discounts required by New Mexico law.
See the Important payment and coverage information section for details about installment fees.

### Discounts (Included in your total premium)

| | | | |
|---|---|---|---|
| Safe Driving Club® | $381.11 | Multiple Policy | $34.28 |
| Responsible Payer | $120.69 | Future Effective Date | $155.20 |
| FullPay® | $118.61 | Allstate Auto/Life | $57.25 |
| Allstate eSmart® | $118.00 | Anti-theft | $33.70 |
| New Car | $54.32 | Electronic Stability Control | $67.92 |

| **Total discounts** | **$1,141.08** |
|---|---|

| **Policy discounts** | | | $985.14 |
|---|---|---|---|
| Safe Driving Club® | $381.11 | FullPay® | $118.61 |
| Multiple Policy | $34.28 | Allstate Auto/Life | $57.25 |
| Responsible Payer | $120.69 | Allstate eSmart® | $118.00 |
| Future Effective Date | $155.20 | | |

| **2016 Volkswagen Passat discounts** | | | $104.25 |
|---|---|---|---|
| Anti-theft | $16.20 | New Car | $54.32 |
| Electronic Stability Control | $33.73 | | |

| **2015 Dodge Dart discounts** | | | $51.69 |
|---|---|---|---|
| Anti-theft | $17.50 | Electronic Stability Control | $34.19 |

### Summary

Named Insured(s)
Laurent Dockery and Odilia Nino

Mailing address
700 Rain Lily Rd SW
Los Lunas NM 87031-6581

Policy number
**829 505 005**

Your policy provided by
Allstate Fire and Casualty Insurance Company

Policy period
Beginning September 7, 2016 through March 7, 2017 at 12:01 a.m. standard time

Your policy changes are effective January 31, 2017

Your Allstate agency is
Bon Baca Agency
3454 Zafarano A-1
Santa Fe NM 87507
(505) 820-1442
BBACA@allstate.com

Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.

HN0TBCAMD

DOCKERY00008



Amended auto policy declarations
Policy number: **829 505 005**
Policy effective date:   September 7, 2016

*Listed drivers on your policy*

Laurent Dockery - Married male driver, age 37, Safe Driving Club
Odilia Nino - Married female driver, age 28, Safe Driving Club

*Excluded drivers from your policy*

None

## Coverage detail for 2016 Volkswagen Passat

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $239.71 |
| Bodily Injury | $25,000 each person $50,000 each occurrence | | |
| Property Damage | $50,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $237.19 |
| Auto Comprehensive Insurance | Actual cash value | $0 | $145.80 |
| Rental Reimbursement | Not purchased* | | |
| Roadside Help | Not purchased* | | $110.24 |
| Uninsured Motorists Insurance | | | |
| Bodily Injury | $25,000 each person $50,000 each accident | Not applicable | |
| Property Damage | $50,000 each accident | $250 | |
| Uninsured Motorists Insurance Bodily Injury limits of insured vehicles may be stacked. | | | |
| Automobile Medical Payments | Not purchased* | | |
| Sound System | Not purchased* | | |
| Tape | Not purchased* | | |
| Total premium for 2016 Volkswagen Passat | | | $732.94 |

* *This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.*

VIN 1VWAS7A34GC019205

Lienholder
Mountain America Cr Un (Auto)

**Rating information**
• This vehicle is driven over 7,500 miles per year, 0-3 miles to work/school

Amended auto policy declarations
Policy number: **B29 505 005**
Policy effective date: September 7, 2016

Page 3 of 6



**Allstate.**
You're in good hands.

## Coverage detail for 2000 Chrysler Town-Country

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $86.60 |
| Bodily Injury | $25,000 each person $50,000 each occurrence | | |
| Property Damage | $50,000 each occurrence | | |
| Auto Collision Insurance | Not purchased* | | |
| Auto Comprehensive Insurance | Not purchased* | | |
| Rental Reimbursement | Not purchased* | | |
| Roadside Help | Not purchased* | | $105.92 |
| Uninsured Motorists Insurance | | Not applicable | |
| Bodily Injury | $25,000 each person $50,000 each accident | | |
| Property Damage | $50,000 each accident | $250 | |
| Uninsured Motorists Insurance Bodily Injury limits of insured vehicles may be stacked. | | | |
| Automobile Medical Payments | Not purchased* | | |
| Sound System | Not purchased* | | |
| Tape | Not purchased* | | |
| **Total premium for 2000 Chrysler Town-Country** | | | **$192.52** |

*This coverage can provide you with valuable protection. To help you stay
current with your insurance needs, contact your Allstate agent to discuss
coverage options and other products and services that can help protect you.*

VIN 1C4GP44G8Y8603593

**Rating information**
• This vehicle is driven over 7,500 miles per year, 0-3 miles to work/school

## Coverage detail for 2015 Dodge Dart

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $122.96 |
| Bodily Injury | $25,000 each person $50,000 each occurrence | | |
| Property Damage | $50,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $230.91 |
| Auto Comprehensive Insurance | Actual cash value | $0 | $157.45 |
| Rental Reimbursement | Not purchased* | | |
| Roadside Help | $100 each disablement | Not applicable | $8.00 |
| | | | (continued) |

NW00AMD




DOCKERY00010

Amended auto policy declarations
Policy number:           B29 505 005
Policy effective date:   September 7, 2016

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $112.39 |
| Uninsured Motorists Insurance | | | |
| Bodily Injury | $25,000 each person $50,000 each accident | Not applicable | |
| Property Damage | $50,000 each accident | $250 | |
| Uninsured Motorists Insurance-Bodily Injury limits of insured vehicles may be stacked. | | | |
| Automobile Medical Payments | Not purchased* | | |
| Sound System | Not purchased* | | |
| Tape | Not purchased* | | $631.71 |
| Total premium for 2015 Dodge Dart | | | |

* This coverage can provide you with valuable protection.  To help you stay
current with your insurance needs, contact your Allstate agent to discuss
coverage options and other products and services that can help protect you.

VIN 1C3CDFBB4FD1B7400                    Lienholder
                                         US Eagle FCU

Rating information
▪ This vehicle is driven over 7,500 miles per year, 0-3 miles to
  work/school

## Additional coverages

| Coverage | Limits |
|---|---|
| Automobile Death Indemnity Insurance | Not purchased* |
| Automobile Disability Income Protection | Not purchased* |

* This coverage can provide you with valuable protection.  To help you stay
current with your insurance needs, contact your Allstate agent to discuss
coverage options and other products and services that can help protect you.

## Your policy documents

Your automobile policy consists of this Policy Declarations and the documents in the following list. Please keep these together.

▪ Allstate Fire and Casualty Insurance Company Auto Policy –
  AFA17
▪ New Mexico Amendatory Endorsement – AFA59-1
▪ Claim Satisfaction Guarantee Amendatory Endorsement –
  AP4878

▪ Amendatory Endorsement – AP4813
▪ Roadside Help-Coverage JJ – AFA50
▪ New Mexico Selection of Uninsured Motorists Insurance
  Amendatory Endorsement – AU14561

Amended auto policy declarations
Policy number:          829 505 005
Policy effective date:   September 7, 2016

Page 5 of 6


You're in good hands.

## Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill:

▶ If you decide to pay your premium in installments, there will be a $3.50 installment fee charge for each payment due. If you make 6 installment payments during the policy period, and do not change your payment plan method, then the total amount of installment fees during the policy period will be $21.00.

If you are on the Allstate® Easy Pay Plan, there will be a $1.00 installment fee charge for each payment due. If you make 6 installment payments during the policy period, and remain on the Allstate® Easy Pay Plan, then the total amount of installment fees during the policy period will be $6.00.

If you change payment plan methods or make additional payments, your installment fee charge for each payment due and the total amount of installment fees during the policy period may change or even increase.

Please note that the Allstate® Easy Pay Plan allows you to have your insurance payments automatically deducted from your checking or savings account.

## New Mexico required communications

▶ Under New Mexico law, you have the right to:

• select Uninsured Motorists Insurance limits equal to your Liability Insurance limits;

• select Uninsured Motorists Insurance limits lower than your Liability Insurance limits but equal to or greater than New Mexico's financial responsibility minimum limits; or

• reject Uninsured Motorists Insurance limits entirely.

▶ You have elected to purchase Uninsured Motorists Insurance in equal limits. This policy has been issued with Uninsured Motorists Insurance limits equal to your Liability Insurance limits.

Allstate Fire and Casualty Insurance Company's Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

Steven P. Sorenson
President

Susan L. Lees
Secretary

NM0704MD



DOCKERY00012

Amended auto policy declarations
Policy number:         829 505 005
Policy effective date:   September 7, 2016

## Supplement to Policy Declarations
This document forms a part of your Policy Declarations.

**Regarding your Uninsured Motorists Insurance coverage, you have:**

selected _stacked_ Uninsured Motorists Insurance for Bodily Injury at limits _equal to_ your policy's Bodily Injury Liability Insurance limits of $25,000/$50,000.

DOCKERY00013

## Policy Endorsement

Policy number: 829 505 005
Policy effective date:   September 7, 2016

Page 1 of 1



*The following endorsement changes your policy.*
*Please read this document carefully and keep it with*
*your policy.*

## New Mexico
## Selection of Uninsured Motorists
## Insurance
## Amendatory Endorsement – AU14561

Under New Mexico law, you have the right to purchase
Uninsured Motorists Insurance in an amount equal to your
Bodily Injury and Property Damage Liability Coverage limits.

It is agreed that:

1.  We have offered you and you have accepted the option to
    purchase Uninsured Motorists Insurance in an amount
    equal to your Bodily Injury and Property Damage Liability
    Coverage limits.

2.  This selection shall be binding on all persons insured under
    the policy and shall apply to future renewals,
    continuations, reinstatements, substitutions, transfers,
    amendments and replacements of this policy unless you
    request in writing that Uninsured Motorists Insurance be
    amended.

All other policy terms and conditions apply.



DOCKERY00014

DOCKERY00015

## PARTIAL SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between the following parties with respect to the following facts and recitals:

### PARTIES

Claimants/Insureds Odilia Niño and Laurent Dockery referred to as "Claimants, Insureds or Settling Parties."

Insurer: Allstate Indemnity Company.

### FACTS AND RECITALS

1.    Odilia Niño and Laurent Dockery allege that on or about March 6, 2017 two of their vehicles, a 2015 Dodge Dart and a 2016 VM Passat were stolen by unknown individuals, or individual, resulting in two separate incidents upon which claims were made through their insurance company (hereinafter referred to as "two incidents").

2.    At the time of the alleged thefts, Odilia Niño and Laurent Dockery were insured with Allstate Indemnity Company under Policy No. 000829505005.

3.    Odilia Niño and Laurent Dockery submitted separate claims to Allstate for the theft of the Dart and the theft of the Passat, as well as for contents of the vehicles, loss of use, diminution of value, storage, towing value, and for repairs.

4.    In addition, Odilia Niño and Laurent Dockery allege that Allstate improperly handled each of their claims arising out of the two thefts.

5.    Allstate denies the allegations.

The parties hereto desire to settle the claims of Odilia Niño and Laurent Dockery, and thereby covenant, promise, and agree as follows:

DOCKERY00016

## AGREEMENT

In consideration of the payment to Odilia Niño and Laurent Dockery the sum of FORTY-FIVE THOUSAND DOLLARS AND NO/100 ($45,000.00) and the agreements set forth herein, and Odilia Niño and Laurent Dockery being of lawful age, it is agreed as follows: In exchange for the payment of the $45,000.00, Laurent Dockery and Odilia Niño will release Allstate from all alleged prior bad faith/extracontractual claims, claims for property damages, loss of use, diminished value, and any other such claims connected to the loss or damage to the described vehicles, including attorney fees.   Allstate previously paid for the value of the Passat as a total loss. The Dart is currently undergoing repairs, and Allstate agrees to complete all related repairs to the Dart.

Expressly excluded from this release are Laurent Dockery and Odilia Niño's separate claims for punitive damages for each of the two incidents described above under the UMPD portion of their coverage.   Allstate agrees to continue to adjust Laurent Dockery's and Odilia Niño's separate claims for the punitive damages stemming from the two incidents; Allstate Claim No. 0497264812 and Allstate Claim No. 0497266262. Further, excluded from the release would be any claims handling irregularities/bad faith claims that may arise in connection with Allstate's adjusting of Laurent Dockery's and Odilia Niño's separate claims for punitive damages.

It is also understood and agreed by Odilia Niño and Laurent Dockery that this release includes and discharges any claim of statutory violation or tortious misconduct or any other claim which arise directly or indirectly from the conduct of Allstate in responding to the claims, such as unfair insurance practices, unfair trade practices, bad faith, intentional or negligent infliction of emotional distress, outrage, intentional or interference

Odilia Niño and Laurent Dockery          **Page 2 of 5**

DOCKERY00017

with prospective economic advantage, fraud, misrepresentation and spoliation of evidence related to the two incidents, except as noted above relating to Laurent Dockery's and Odilia Niño's separate claims for punitive damages.

## COMPROMISE OF DISPUTED CLAIMS

It is understood and agreed by the parties that this is a compromise settlement of disputed claims, including, among others, the obligations or the parties with respect to all present and future obligations, and the performance of the above obligations do not constitute an admission of any liability or the existence of any obligation of any kind whatsoever by any party. Allstate takes no position on the amount assigned out of the settlement sum as compensatory damages, other than to acknowledge that some portion is for compensatory damages as a basis for punitive damages.

## SUCCESSORS AND ASSIGNS

It is understood and agreed by each party that the agreements, undertakings, acts and other things done to or to be done by Odilia Niño and Laurent Dockery or their attorneys in this Agreement shall run to and be binding upon their heirs, successors, executors, administrators and assigns.

## ENTIRE AGREEMENT

All agreements, covenants, representations and warranties, expressed and implied, oral and written, of the parties to this Agreement concerning its subject matter are contained herein.  No other agreements, covenants, representations or warranties, expressed or implied, oral or written, have been made by any party to any other party concerning the subject matter or this Agreement.  All prior and contemporaneous

Odilia Niño and Laurent Dockery          **Page 3 of 5**

conversations, negotiations, alleged agreements, representations, covenants and warranties concerning a subject matter of this action are merged herein. This is an integrated Agreement.

### INDEPENDENT COUNSEL

Odilia Niño and Laurent Dockery acknowledge and declare that they are fully and completely informed as to their rights and the release of claims made herein; that they have given mature and careful thought and consideration to the making of this Agreement and to all of the obligations hereby extinguished or created; that this Agreement is made voluntarily by Odilia Niño and Laurent Dockery after advice of independent counsel, free from undue influence, coercion, duress, menace or fraud of any kind; that this Agreement, and each and every paragraph and every part thereof has been carefully read and explained; and that they fully and completely understand and cognizant of all the terms and conditions of the effect of each and all of said terms and conditions contained in this Agreement.

Odilia Niño and Laurent Dockery          **Page 4 of 5**

## CONSENT

I have read and agreed to the foregoing.

DATED: 3/2/18                          By: _____
                                            Odilia Niño

DATED: 3/2/18                          By: _____
                                            Laurent Dockery


STATE OF NEW MEXICO )
                    ) ss.
COUNTY OF           )

SUBSCRIBED AND SWORN to me this 2nd day of April 2018, by Odilia Niño.

My commission expires:                 _____
                                       Notary Public

2/3/2020


STATE OF NEW MEXICO )
                    ) ss.
COUNTY OF           )

SUBSCRIBED AND SWORN to me this 2nd day of April 2018, by Laurent Dockery.

My commission expires:                 _____
                                       Notary Public

2/3/2020


Odilia Niño and Laurent Dockery          Page 5 of 5


DOCKERY00020