# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAURENT DOCKERY and
ODILIA DOCKERY,

       Plaintiffs,

      vs.                                                  1:19-cv-0190-RB-GJF

ALLSTATE INSURANCE COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Partial Motion for Summary Judgment Regarding Uninsured Motorist Property Damage Coverage for Punitive Damages, filed May 16, 2019 (Doc. 14), and Defendant's Motion for Summary Judgment, filed May 27, 2019 (Doc. 16).

Plaintiffs' two vehicles were stolen by unknown tortfeasors. The cars were recovered but suffered physical damage. Plaintiffs received compensatory compensation from their insurer, Allstate Insurance Company, for loss of use and physical damage to the vehicles. Plaintiffs now seek payment from their Uninsured Motorist Coverage for punitive damages against the unknown tortfeasors. The parties filed cross-motions for summary judgment. Defendants argue that punitive damages are not recoverable from Uninsured Motorist Coverage because (1) the tortfeasors are unknown and (2) the vehicles are not uninsured vehicles. For the reasons stated below, the Court **DENIES** Plaintiffs' partial Motion for Summary Judgment (Doc. 14) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 16).

**I.**     **Factual Background**

Plaintiffs' 2014 Dodge Dart and 2016 Volkswagen Passat were stolen by unknown tortfeasors sometime on March 5 or March 6, 2017. (Doc. 16 at 2 ¶ 1.) Both vehicles were insured

by Allstate (Policy No. 829505005). (*Id.* ¶ 2.) The vehicles were taken by unknown tortfeasors who did not have Plaintiffs' permission to take them. (Doc. 19 at 4 ¶ 2.) They were recovered with significant property damage. (*Id.* ¶ 3.)

Plaintiffs' claims for the theft of the vehicles and their contents, loss of use, diminution of value, storage, towing value, repairs, and for Allstate's handling of the underlying property loss were resolved at a pre-litigation mediation with Allstate on April 17, 2018. (Doc. 16 at 2 ¶ 3.) Plaintiffs' claims in this case arise out of their claim for punitive damages under their uninsured motorist ("UM") coverage and Allstate's handling of those punitive damages claims. (*Id.*) The policy provided auto collision insurance for Plaintiffs' vehicles, which paid for "direct and accidental loss to your insured auto . . . from a collision." (*Id.* ¶ 4.) The policy also provided comprehensive insurance that covered loss caused by theft as well as auto theft insurance that paid for "direct and accidental loss to your insured auto caused by theft or larceny." (*Id.*) Allstate asserts they paid for the theft under the comprehensive coverage. The comprehensive and collision provisions included coverage for auto theft. (Doc. 14-2 at 5 ("We will pay for direct and accidental loss to your insured **auto** caused by theft or larceny.").) The comprehensive insurance under the Allstate policy does not cover punitive damages. (Doc. 19 at 5 ¶ 10.)

The policy's UM coverage for property damage is as follows:

> **We** will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured **auto** because of **property damage**. The **property damage** must be caused by an accident and arise out of the ownership, maintenance or use of an uninsured auto.

(Doc. 16 ¶ 5.) The policy defines an insured auto as "a motor vehicle described on the Policy Declarations." (*Id.* ¶ 6.) The policy defines an **uninsured** auto, in relevant part, as "a motor vehicle which has no property damage liability bond or policy in effect at the item of the accident," or "a motor vehicle covered by a property damage liability bond or policy which doesn't provide at least

2

minimum financial security requirements specific in the financial responsibility law of New Mexico." (*Id.* ¶ 7.) However, the policy also provides that an "uninsured auto is not: (1) a motor vehicle which is insured for Liability Coverage under Part 1 of this policy." (*Id.* ¶ 8.) Plaintiffs' vehicles are listed as insured under Part 1. (*Id.*) The UM coverage also excludes property damage that is paid by other insurance. (*Id.* ¶ 9.) The policy provided liability coverage for an insured person, which it defines as a named insured or any other person getting into an insured vehicle only "with [an insured's] permission." (Doc. 19 ¶ 5.)

Following the settlement, Allstate agreed to "continue to adjust Laurent Dockery's and Odilia Nino's separate claims for the punitive damages" stemming from the two thefts. (*Id.* ¶ 7.) Allstate acknowledged that "some portion [of the settlement funds of $45,000.00] is for compensatory damages as a basis for punitive damages." (*Id.* at 5 ¶ 8.) The settlement agreement does not mention the coverage under which the settlement would be paid. (*Id.* ¶ 9.) Allstate chose to pay the damages under the comprehensive coverage. (*Id.*) In a letter sent on May 23, 2018, Allstate denied Plaintiffs' punitive damages claims because (1) the vehicles were insured at the time of the thefts; and (2) the identify of the tortfeasors is unknown. (*Id.* ¶¶ 11, 12.)

Plaintiffs assert the following claims:

| | |
|---|---|
| Count I: | Breach of Contract |
| Count II: | Contractual Benefits |
| Count III: | Declaratory Action for Punitive Damages and Stacked Coverage |
| Count IV: | Unfair Insurance Claim Practices |
| Count V: | Unfair Trade Practices |
| Count VI: | Breach of Implied Covenant of Good Faith and Fair Dealing |
| Count VII: | Insurance Bad Faith |

Allstate moved for summary judgment on all of the above claims. Plaintiffs moved for partial summary judgment on the issue of whether Allstate wrongfully refused to pay punitive damages from the UM coverage.

3

## II. Legal Standard

A motion for summary judgment may be granted only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the Court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*. A court cannot weigh the evidence and determine the truth of the matter. Rather, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In analyzing cross-motions for summary judgment, a court "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *United States v. Supreme Court of N.M.*, 839 F.3d 888, 906–07 (10th Cir. 2016). "Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007).

## III. Plaintiffs' contractual and coverage claims (Counts I–III) fail.

Plaintiffs argue they are entitled to uninsured motorist coverage for punitive damages against the tortfeasors who stole and damaged their vehicles. For the alternate reasons below, the Court concludes that punitive damages are not available under these circumstances, and therefore

grants summary judgment in favor of Defendant on the breach of contract and coverage claims (Counts I–III).

> A. **Plaintiffs' stolen vehicles are not uninsured motor vehicles and are not subject to uninsured motorist coverage under these circumstances.**

Plaintiffs assert that the physical damage to their stolen vehicles is covered by their uninsured motorist coverage, because their vehicles became "uninsured autos" when they were stolen. Allstate argues that Plaintiffs' vehicles are not "uninsured autos" under the language of the policy and the New Mexico Administrative Code, and therefore the vehicles are not subject to uninsured motorist coverage. The Court agrees with Allstate.

The parties ask the Court to construe an insurance policy. "New Mexico law treats an insurance policy as an ordinary contract to be construed according to customary principles of contract interpretation." *Carolina Cas. Ins. Co. v. Nanodetex Corp.*, 733 F.3d 1018, 1022 (10th Cir. 2013) (*citing Rummel v. Lexington Ins. Co.*, 945 P.2d 970, 976 (1997)). The policy should be construed as a complete and harmonious instrument. *See Erwin v. United Benefit Life Ins. Co*., 371 P.2d 791, 794 (N.M. 1962); *Safeco Ins. Co. of Am., Inc.*, v. *Mckenna*, 565 P.2d 1033, 1037 (N.M. 1977) (insurance policies "must be construed as intended to be a complete and harmonious instrument designed to accomplish a reasonable end"). The Court should construe a policy to give effect to every part. *Id.* Where a clause "read alone is clear and unambiguous . . . it is not necessary to read the coverages together," because "there is a risk of creating, rather than identifying, ambiguity." *Battishill v. Farmers Alliance Ins. Co*., 127 P.3d 1111, 1115 (N.M. 2006).

The policy unambiguously excludes Plaintiffs' vehicles from the definition of "uninsured autos" and, therefore, from coverage under the uninsured motorist provision. The property damage portion of the policy's uninsured motorist coverage provides: "We will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto

because of property damage." (Doc. 16-1 at 29.) The policy expressly excludes the Plaintiffs' vehicles from the definition of uninsured auto. (*Id.* ("An uninsured auto is not . . . a motor vehicle which is insured for Liability Coverage under Part 1 of this policy.") ("An insured auto is a motor vehicle . . . described in the policy declarations.").) Therefore, the damage to the Plaintiffs' vehicles did not occur while the vehicles were "uninsured autos."

### B. The policy comports with the uninsured motorist statute and implementing regulations.

Plaintiffs argue that this policy language conflicts with the uninsured motorist statute, N.M. Stat. Ann § 66-5-301. *See Jordan v. Allstate Ins. Co.*, 245 P.3d 1214, 1221 (N.M. 2010) (holding that a policy that does not comport with New Mexico law regarding uninsured motorist coverage will be reformed to satisfy the law's requirements). The Court disagrees. As explained below, the uninsured motorist statute does not mandate coverage for Plaintiffs' vehicles, as they are not "uninsured motor vehicles" under the statute and implementing regulations.

The New Mexico uninsured motorist statute mandates that insurers offer coverage for

> the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . for injury to or destruction of property resulting therefrom, according to the rules and regulations promulgated by, and under provisions filed with and approved by, the superintendent of insurance.

N.M. Stat. Ann. § 66-5-301(a). The objective of compulsory UM coverage is "to protect individual members of the public against the hazard of culpable uninsured motorists." *Phoenix Indem. Ins. Co. v. Pulis*, 9 P.3d 639, 642 (N.M. 2000) (quoting *Romero v. Dairyland Ins. Co.*, 803 P.2d 243, 245 (N.M. 1990)); *see also Marckstadt v. Lockheed Martin Corp.*, 228 P.3d 462, 468 (N.M. 2010) (statute was "designed to expand insurance coverage to protect the public from damage or injury caused by other motorists who were not insured and could not make the impaired party whole").

Because the statute incorporates the administrative rules, the Court looks to the New Mexico Administrative code.

Plaintiffs assert that because a stolen vehicle is not an insured motor vehicle under the New Mexico Administrative Code or the policy, it must be an uninsured motor vehicle. (*See* Doc. 19 ¶ 5) (excluding vehicles taken without permission of insureds from definition of "insured vehicle"); N.M. Admin. Code 13.12.3.14(B)(4)(b) (but the term "insured motorist vehicle" shall not include . . . a motor vehicle while being used without the permission of the owner").

However, the regulations implementing N.M. Stat. Ann § 66-5-301 unambiguously exclude the insureds' vehicles from the definition of uninsured auto. The New Mexico Administrative Code provides that an "uninsured motor vehicle" does not include any vehicle owned by the insured. N.M. Admin. Code 13.12.3.14(C)(3)(b) ("the term uninsured motor vehicle shall not include . . . a motor vehicle owned by or furnished for the regular use of the [insured], his spouse, or a relative of either who is a resident of the same household."). The plain language of the regulations excludes an insured's stolen vehicle from coverage under the UM statute. Therefore, Allstate's policy exclusion denying uninsured motorist coverage to the stolen vehicles does not conflict with New Mexico state law or rules.

Plaintiffs were paid compensatory damages under their comprehensive and collision insurance, which expressly covered damages from auto theft. Expanding the uninsured motorist coverage to include damages as a result of the theft of the vehicle would be contrary to the language and purpose of uninsured motorist statute. *See, e.g.*, *Mortensen v. Liberty Mut. Ins.*, No. CV 18-1121 KK/SMV, 2019 WL 1571730, at *4 (D.N.M. Apr. 11, 2019) (loss of stolen cars not covered under uninsured motorist statute); *Mountain State Mut. Cas. Co. v. Martinez*, 848 P.2d 527, 529

(N.M. 1993) (analyzing UM coverage in terms of avoiding unnecessary duplication of coverage that would increase the cost of UM coverage).

### C. Case law supports the Court's interpretation of the plain language of the regulations.

There is no New Mexico Supreme Court precedent on whether a stolen vehicle is an "uninsured auto" under the Uninsured Motorist Act (UMA). Therefore, the Court must attempt to predict the New Mexico Supreme Court's decision and may look to the general weight and trend of authority. *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 886 (10th Cir. 2011); *Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 957 (10th Cir. 2013) (if no controlling state supreme court case, district court must predict how such court would rule based on intermediate appellate decisions, decisions of other states, federal decisions, and general weight and trend of authority).

The Court predicts that the New Mexico Supreme Court would hold that an insured's stolen vehicle is not covered under the uninsured motorist statute. "[U]ninsured motorist coverage is not intended to provide coverage in every uncompensated situation." *State Farm Auto. Ins. Co. v. Ovitz*, 873 P.2d 979, 982 (N.M. 1994). "The New Mexico legislature did not intend uninsured motorist coverage to compensate insureds for automobile theft." *Mortensen*, 2019 WL 1571730 at *3. The Court finds persuasive cases holding, under similar statutory language, that a stolen vehicle is not covered by an insured's uninsured motorist coverage. *Cole v. Farmers Ins. Co. of Or.*, 814 P.2d 188, 190 (Or. App. 1991) (court concluded that stolen vehicle was not uninsured motor vehicle where statutory language, as here, excluded vehicles owned by insured from definition of uninsured motor vehicle); *Terranova v. State Farm Mut. Auto. Ins. Co.*, 800 P.2d 58, 62 (Colo. 1990) ("the exclusion of a vehicle insured under the liability terms of a policy from uninsured motor vehicle coverage does not violate the legislative purposes and the public policy underlying section 10–4–609"); *State Farm Mut. Auto Ins. Co. v. Clatterbuck*, 421 S.E.2d 406 (Va. 1992)

(insured vehicle stolen by unknown thief was not an "uninsured auto" with uninsured motorist coverage); *Mortensen*, 2019 WL 1571730 at *3. Therefore, the Court will not expand uninsured motorist coverage without any language in the uninsured motorist statute or guiding New Mexico case doing so.

Plaintiffs rely on a comparable case, *Arnold v. Farmers Ins. Co. of Arizona*, where Judge Browning held on reconsideration that the UMA provided for loss of use damages. 827 F. Supp. 2d 1289, 1300 (D.N.M. 2011). Plaintiffs read too much into this holding and ignore the latter half of *Arnold*. Despite the mild expansion of UMA coverage, the Court maintained that "the Supreme Court of New Mexico would conclude that UMA coverage would not include loss-of-use damages arising from theft of personal property." 827 F. Supp. 2d at 1301. As such, the Court preserved a limited view of the UMA and granted summary judgment in favor of the insurance company.

### D. Punitive damages are not available when the tortfeasors are unknown and cannot be held culpable.

Alternatively, even if punitive damages for theft are payable under uninsured motorist coverage, the Court concludes that punitive damage are not available in this case where the tortfeasors are unknown and cannot be held culpable for their conduct.

Generally, "uninsured motorist coverage includes coverage for punitive damages." *Farmers Ins. Co. of Ariz. v. Sandoval*, 253 P.3d 944, 947 (N.M. Ct. App. 2011) (quoting *Stewart v. State Farm Mut. Auto. Ins. Co.*, 726 P.2d 1374, 1376 (N.M. 1986)). "Punitive damages are as much a part of the potential award under the uninsured motorist statute as damages for bodily injury, and therefore they *cannot be contracted away.*" *Manzanares v. Allstate Ins. Co.*, 141 P.3d 1281 (N.M. Ct. App. 2006) (quoting *Stinbrink v. Farmers Ins. Co.*, 803 P.2d 664, 665 (N.M. 1990)).

However, the purpose of punitive damages is to (1) punish the tortfeasor and (2) deter others from committing similar offenses. *Jaramillo v. Providence Wash. Ins. Co.*, 871 P.2d 1343, 1351 (N.M. 1994). Therefore, the New Mexico Supreme Court has held that punitive damages are not available where the tortfeasor is deceased and the insurer cannot sue the tortfeasor for the punitive damages. *Jaramillo*, 871 P.2d at 1350.

Moreover, the UM statute mandates uninsured motorist coverage "for the protection of persons insured thereunder who are *legally entitled* to recover damages from owners or operators of uninsured motor vehicles . . . ." N.M. Stat. Ann. 1978, § 66-5-301(A) (emphasis added). The New Mexico Supreme Court held that victims lose the "legal entitlement" to recover punitive damages when the "tortfeasor cannot be punished for his culpable behavior." *Jaramillo*, 871 P.2d at 1350.

The purposes of punishment and deterrence are not furthered by enabling recovery of punitive damages here. (*Id.*) Because the tortfeasors are unknown, if Allstate were forced to provide coverage for punitive damages, it could not then sue the tortfeasors. The Court concludes that the reasoning of *Jaramillo* applies here where the tortfeasors are unknown and cannot be punished for their culpable behavior. Therefore, the Court predicts that the New Mexico Supreme Court would hold that punitive damages are not available under these circumstances.

Plaintiffs generally argue that uninsured motorist coverage is available where the tortfeasors are unknown. But that argument does not address whether *punitive* damages are available where the tortfeasor are unknown.

**IV. Remaining claims are not well taken.**

The remaining claims include the following: bad faith, Unfair Practices Act, Unfair Insurance Practices Act, and breach of the implied covenant of good faith and fair dealing (Counts IV–VII).

Because the breach of contract claims fail, the remaining claims predicated on that breach also fail. Since Allstate had no duty to pay punitive damages in this case, it did not exercise bad faith, violate the UPA or UIPA, or breach the covenant of good faith and fair dealing in refusing to pay punitive damages. *See, e.g.*, *Jackson Natl. Life Ins. Co. v. Receconi*, 827 P.2d 118, 134 (N.M. 1992) (bad faith requires unfounded refusal to pay); *Am. Emp'rs' Ins. Co. v. Crawford*, 533 P.2d 1203, 1209 (N.M. 1975) ("Since Crawford had no coverage, we fail to understand how the Company acted negligently, or displayed bad faith in refusing to pay $100,000 which it had no duty to pay."); *Aztec Abstract & Title Ins., Inc. v. Maxum Specialty Grp.*, 302 F. Supp. 3d 1274, 1286 (D.N.M. 2018) ("[A] court should dismiss bad faith and New Mexico Insurance Practices Act claims if there is . . . no right to indemnification under an insurance policy."); *New Mem'l Assocs. v. Credit Gen. Ins. Corp.*, 973 F. Supp. 1027, 1031 (D.N.M. 1997) (dismissing insured's extra-contractual statutory claims upon finding that insurers had properly denied coverage); *Delgado v. Liberty Mut. Fire Ins. Co.*, CV No. 15-196 JCH/GJF, 2017 WL 6375623, at *9 (D.N.M. 2017) (insurer entitled to summary judgment on bad faith claim because it had no contractual duty to pay insured benefits under policy); *United Rentals Nw., Inc. v. Federated Mut. Ins. Co.*, CV No. 08-443 RB/DJS, 2009 WL 10666372, at *3 (D.N.M. June 5, 2009) ("Because Federated did not have a contractual duty to pay United Rentals under an insurance policy, Federated cannot be held liable for an unfair claims practice."); *Barey v. Rice Ins. Servs. Co., LLC*, CV No. 14-371 JCH/GBW, 2016 WL 3638527, at *10 (D.N.M. Mar. 31, 2016) (after finding there was no

coverage and dismissing breach of contract claim, dismissing remaining claims, including UPA claim and bad faith claim).

Moreover, Allstate reasonably handled the punitive damages claim. As explained above, Allstate had reasonable and legitimate reasons to deny coverage for the punitive damages. The policy and regulations expressly excluded Plaintiffs' vehicles from uninsured motorist coverage. Therefore, Allstate acted reasonably and did not act in bad faith in denying coverage. *United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 709 P.2d 649, 654 (N.M. 1985) (when there are legitimate questions regarding the payment of benefits, it cannot be said that the insurer acted in bad faith).

Plaintiffs argue Allstate enticed them into a settlement agreement with a promise, in the settlement agreement, to pay punitive damages at a later time. The Court disagrees. Shortly before the mediation, Plaintiffs added a claim for punitive damages. (Doc. 1-1 at 12 ¶ 41.) The settlement agreement merely provides that the punitive damages were not settled and Allstate would continue to adjust the punitive damages claim. Allstate did not represent in the settlement agreement that it would approve the punitive damages claim.

## V. Conclusion

For the reasons stated above, Plaintiffs are not able to collect punitive damages under the facts of this case. Therefore, the Court will dismiss all of Plaintiffs' claims against Allstate.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED** as described in this Opinion;

**IT IS FURTHER ORDERED** that Plaintiffs' Partial Motion for Summary Judgment (Doc. 14) is **DENIED**;

**IT IS FINALLY ORDERED** that this case is **DISMISSED.**

_____
**ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE**